**Henry Sugianto HO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72209.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 20, 2008.

Chung N. Phang, Esquire, Law Offices of Chung H. Phang, Oakland, CA, for Petitioner.

Joshua E. Braunstein, Esquire, Michael C. Heyse, Esquire, Kurt B. Larson, Esquire, Jennifer L. Lightbody, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM [**]

Henry Sugianto Ho, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Ho's asylum application was untimely filed, and the record does not compel the conclusion that Ho established an extraordinary circumstances exception based upon ineffective assistance of counsel. *See* 8 C.F.R. § 1208.4(a)(5)(iii); *Azanor v. Ashcroft,* 364 F.3d 1013, 1023 (9th Cir.2004) (stating that to reach the merits of an ineffective assistance claim, petitioner must first establish the nature and scope of an agreement with an attorney); *see also Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir.2004) (to demonstrate prejudice for an ineffective assistance of counsel claim, a petitioner must establish plausible grounds for relief). Accordingly, Ho's asylum claim fails.

■ Substantial evidence supports the agency's denial of withholding of removal because Ho's experiences, taken individually or cumulatively, do not constitute past persecution. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). In addition, even assuming the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Ho failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003).

■ Substantial evidence also supports the agency's determination that Ho is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.